### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | **1:20-cv-06329** |
| **Plaintiff,** | ) | **Judge Franklin U. Valderrama** |
| | ) | **Magistrate Judge Maria Valdez** |
| **vs.** | ) | |
| | ) | |
| **THE COOK COUNTY LAND BANK** | ) | |
| **AUTHORITY, TONI PRECKWINKLE,** | ) | |
| **BRIDGET GAINER, ROBERT ROSE** | ) | |
| **& other John & or Jane Doe agents from** | ) | |
| **the CCLBA yet to be addressed** | ) | |
| **Individually, & THE GOVERNMENT** | ) | |
| **OF COOK COUNTY** | ) | |
| **Defendants,** | ) | **JURY DEMANDED** |
| | ) | |

RECEIVED

OCT 26 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CIVIL COMPLAINT

**Now comes the Plaintiff,** JOHN DOE, who complains to this Court whereby stating as follows:

## INTRODUCTION

1.  This action is being brought pursuant to the Laws of the United States Constitution, specifically under 42 U.S.C. Sections 1983; 1985; 1986 and the laws enacted under the State of Illinois, to redress deprivations of the Civil Rights of the plaintiff that were accomplished by acts and/or omissions that the defendants committed under color of state law.

2.  This is a civil action seeking damages against those defendants for committing acts under color of state law, whereby depriving plaintiff of rights, immunities and securities secured to him under the constitution and the laws of the United States.

1

## JURISDICTION

3.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983; 1985 & 1986,  the Judicial Code, 28 U.S.C. & 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. Section 1367 (a).

4.    Venue lies in the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. sections 1391, because all events or omissions giving rise to these claims occurred in this District.

## PARTIES

5.    At all times herein mentioned, Plaintiff **John Doe** ("Plaintiff") is a reasonable person who has always been a citizen of the United States residing within the City of Chicago and in this Court's jurisdiction.

6.  At all times herein mention **The Cook County Land Bank Authority** ("Defendants" or "*CCLBA*" a.k.a. the "Land Bank") was duly established by the Cook County Board via Board ordinance Section 103-5 creation of the Land Bank that was the driving force behind plaintiff's claims which violated plaintiff's fourth amendment rights in violation of the United States Constitution and other State of Illinois Laws pursuant to his claims.

7.    At all times herein mentioned, **Toni Preckwinckle** ("Preckwinkle") was and still is the Cook County Board President who established the *CCLBA* who was acting under color of state law as an employee, agent, and or a representative for the ***Cook County Government*** that deprived plaintiff of rights, privileges and immunities secured to him under the laws enacted under the Constitution of the United States. This Defendant is

2

being sued in her official/ individual/personal capacities as it relates to such claims found herein.

**8.** At all times herein mentioned, **Bridget Gainer** ("Gainer") was and still is the Cook County Commissioner who is the Chairwomen and driving force behind the formation of the *CCLBA* who was acting under color of state law as an employee, agent, and or a representative for ***Cook County Government*** that deprived plaintiff of rights, privileges and immunities secured to him under the laws enacted under the Constitution of the United States. This Defendant is being sued in her official/ individual/personal capacities as it relates to such claims found herein.

**9.** At all times herein mentioned, **Robert Rose Jr.** ("Rose") was and still is the Cook County Land Bank executive director for the *CCLBA* who was acting under color of state law as an employee, agent, and or a representative for ***Cook County Government*** that deprived plaintiff of rights, privileges and immunities secured to him under the laws enacted under the Constitution of the United States. This Defendant is being sued in his official/ individual/personal capacities as it relates to such claims found herein.

**10.** At all times herein mentioned **COOK COUNTY GOVERNMENT** is a political division of the State of Illinois, existing as such under the laws of the State of Illinois, Cook County Government, manages, and /or operates the Cook County Board of Commissioners and the Cook County Land Bank Authority under its own municipal powers which was created on or about November 30th 2013 under **Sec.103-5** ***Creation and Legal Status of Land Bank*** which states:

"The County Board hereby establishes the Cook County Land Bank Authority which shall be an agency of and funded by Cook County. All personnel, facilities, equipment and supplies within the Land Bank shall be governed by Board of Directors as provided herein. The Board of Directors shall be accountable to the President and the County Board; the Land Bank shall be funded by the County Board." Moreover, under Sec. 103-10. *Compliance with the Law*. States:

"The Land Bank shall comply with all applicable federal and state laws, rules, regulations and orders."

## STATEMENT OF FACTS

**11.** On or about October 20th, 2020, Plaintiff John Doe had 3 vehicles which he owned or was lawfully entitled to possession of unlawfully towed from within this private property within the Village of Franklin Park, County of Cook, State of Illinois.

**12.** Plaintiff did not authorize nor give *Defendants* any authorization to enter into or engage in any such conduct of removing the same from inside of this building located at 9960 w. Pacific Ave. in Franklin Park IL 60131.

**13.** Sometime around October 8th 2020, Defendant Rose unlawfully entered the *CCLBA* into a contract with A-1 Citywide Towing & Relocation Inc. (a private vehicle relocator) to have such vehicles removed from inside of said premises.

**14.** Plaintiff further states (and it is import to announce here) that plaintiff's property or property that plaintiff was lawfully entitled to possession of, was parked at the said locations **PRIOR** to *A-1 CITYWIDE TOWING & RELOCATION* Inc. ever engaging into any contract to remove plaintiff's vehicles from *WITHIN* the property located at 9960 w. Pacific Ave. in Franklin Park IL.

**15.** In other words, plaintiff states that his vehicles had been parked within this said location for at least 6 -9 months prior to anyone ever engaging into any type of contract with *A-1 Citywide Towing & Relocation Inc.* proclaiming any type of ownership associated with said premises.

**16.** In addition, plaintiff's property (namely his vehicles), were parked within this property was lawfully secured from public view and outside entry from others (in a locked and secured building).

4

**17**. The entry from Members of the *CCLBA* authority was without warrant to which agents unlawfully breached said premises all in violation of plaintiff's fourth amendment securities.

**18**. By engaging in such egregious conduct in relation to the aforementioned acts, these defendants and because of their association and governance under the ***Cook County Government*** were all "***Acting Under Color Of State Law***" when they engaged in such egregious conduct, whereby unlawfully entering and towing and essentially illegally seizing plaintiff's property or property plaintiff was lawfully entitled to possession of all in direct violation of the 4th Amendment of the Unites States Constitution.

**19**. Other items from within the building were taken and stolen as well by agents from the *CCLBA* which has since been reported to the Cook County Inspector General's Office as well as to the Cook County State's Attorney's Office out of the 4th Municipal District.

**20**. Under the Law, an unlawful and/or an unreasonable seizure are both coextensive under the Fourth Amendment which not only grants application to persons, but also grants such application in allowing the same right to apply to personal property as well.

**21**. The aforementioned acts of these defendants were willful, wanton, malicious, oppressive and done with a reckless indifference to and / or callous disregard for plaintiff's Constitutional Rights and justify the award of exemplary and punitive damages in an amount to be ascertained accordingly to proof at time of trial.

**22**. *Wherefore*, plaintiff maintains, defendants had unlawfully seized plaintiff's property whereby doing so in direct violation of his fourth amendment rights to the united states constitution and the laws enacted thereunder.

## COUNT I

1)-Fourth Amendment Right Violation

**PLAINTIFF AGAINST ALL DEFENDANTS FOR SUBSEQUENT VIOLATIONS OF HIS 4TH AMENDMENT RIGHTS ON UNLAWFUL SEIZURE OF HIS PERSONAL PROPERTY**

**23.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs 1-22 as though fully set forth herein.

**24.** On or about October 20th 2020, *A-1 Citywide Towing & Recovery Inc.* by way of the *CCLBA* unlawfully towed 3 vehicles belonging to the plaintiff associated with this cause whereby entering into private grounds with the aide of agents from the *CCLBA* without warrant or exigent circumstances to remove property belonging to another in violation of plaintiff's fourth amendment rights secured to him under the u.s.c. and the laws enacted thereunder.

**25.** In committing these acts of misconduct described herein, defendants and their employee agents committed them while acting under color of state law as the employees, agents, and or representatives of such that deprived plaintiff of certain constitutional securities, rights, privileges, and immunities secured to him under the laws enacted under 4th Amendment of the United States Constitution.

**26.** Defendants by way and through their employees actions resulted in unlawful acts resulting in the unlawful seizure of plaintiff's personal property which created and still creates an undue burden and hardship on the plaintiff which resulted in the deprivation of plaintiff's rights, property, benefits, use thereof as well as causing unwarranted extreme emotional distress and a loss of any financial gain.

**27.** By reason of the defendants conduct & by way and through their agent employees conduct, deprived plaintiff of rights, privileges and immunities secured to him under the

fourth as reinforced under fourteenth amendments (Substantive Due Process Clause)

under the laws of the United States Constitution and the and laws enacted thereunder.

Therefore, defendants are liable for violation(s) to plaintiff's fourth amendment rights

secured to him pursuant to 42 U.S.C Section 1983.

## COUNT II

2) Fourteenth Amendment Substantive Due Process

**PLAINTIFF AGAINST DEFENDANTS FOR SUBSEQUENT VIOLATIONS OF
PLAINTIFF'S 14TH AMENDMENT RIGHTS AGAINST PLAINTIFF'S SUBSTANTIVE
DUE PROCESS CLAIMS – SECTIONS 1983 VIOLATIONS**

**28.**     Plaintiff hereby re-alleges and reincorporates all previous paragraphs 1-27 as

though fully set forth herein.

**29.**    On or about October 20th 2020, defendants had agents from the *CCLBA* unlawfully

towed three vehicles belonging to the plaintiff associated with this cause whereby failing

to provide plaintiff with any of his substantive due process rights granted to him pursuant

to the 14th Amendment of the U.S.C. whereby said named defendants were the proximate

cause of plaintiff's personal property being illegally seized in violation of the plaintiff's

fourth Amendment rights as reinforced by his fourteenth amendment rights of the U.S.C.

**30.**    In committing these acts of misconduct described herein, defendants by and

through their employee agents committed them while acting under color of state law as

the employees, agents, and or representatives for such who deprived plaintiff of certain

constitutional securities, rights, privileges, and immunities secured to him under the laws

enacted under 14th Amendment under Due Process Clause of U.S.C.

**31.**    Defendant *CCLBA* by way and through their employees actions resulted in

unlawful acts resulting in the plaintiff's Substantive Due Process rights being violated

which ultimately led to the illegal seizure of plaintiff's personal property which created and still creates an undue burden and hardship on the plaintiff which resulted in the deprivation of plaintiff's rights, property, benefits, use thereof as well as causing unwarranted extreme emotional distress and a loss of any possible financial gain.

**32**.     By reason of the defendant ***CCLBA's*** conduct, by way and through their agent employees egregious actions deprived plaintiff of rights, privileges and immunities secured to him under the fourteenth amendment (Substantive Due Process Clause) under the laws of the United States Constitution and laws enacted thereunder. Therefore, defendants ***CCLBA as well as Preckwinkle, Gainer, Rose and Cook County Government*** are thus all liable for said violation(s) to plaintiff's fourteenth amendment due process rights secured to him pursuant to 42 U.S.C Section 1983.

## COUNT III

**3) Violation Civil Conspiracy**

**PLAINTIFF AGAINST DEFENDANT ROBERT ROSE JR. and other CCLBA AGENTS FOR CIVIL CONSPIRACY TO DENY PLAINTIFF HIS CONSTITUTIONAL RIGHTS UNDER LAW PURSUANT TO SECTIONS 1985**

**33**.     Plaintiff hereby re-alleges and reincorporates all previous paragraphs 1-32 as though fully set forth herein.

**34.**  On or about October 20th, 2020, Defendants by way and through their employee agents unlawfully engaged in conduct that was "***conscience shocking***" or engaged in conduct that "***shocks the conscience***" whereby engaging in a civil conspiracy whereby further undertaking such conspiracy in relation to not only illegally seizing plaintiff's property, but did so all without any justifiable cause or a legal authority to do so, all in violation of plaintiff's 4th and 14th Amendment Rights and the laws enacted thereunder .

**35.** In committing these acts of misconduct described herein, these defendant agent employees committed them while all acting under color of state law whereby each of them was a willing participant who acted knowingly and intentionally to scheme and work together in a common plan to unlawfully seize plaintiff's personal property without any consent or any other legal justification to do so, whereby further engaging in such an egregious action acting under color of state law in violation of Section 103.10 of the Cook County Rules & Regulations.

**36**. These named Defendants held a meeting of the minds to set forth in motion in furtherance of a conspiracy already fermenting whereby knowingly and intentionally engaging in such and as the employee, agent, and or a representative from the ***CCLBA*** that deprived plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the U.S.C. in relation to the 4th and 14th amendments.

**37**. ***Conscience shocking***— These named Defendant employees, while acting within the scope of their employment under the color of state law held a meeting of the minds in which these named defendants acted in concert with one another to conspire by a concerted action to accomplish an unlawful purpose by an unlawful means whereby depriving plaintiff of his constitutional rights, privileges and immunities secured to him under the United States Constitution and the laws enacted thereunder.

**38**. As alleged, defendants and other co-conspirators entered into a conspiracy and did undertake the actions as described herein with other members from the ***CCLBA*** resulting in illegal seizures of plaintiff's personal property and his due process rights as previously laid out in this complaint ultimately, depriving plaintiff of rights asserted to him under the Constitution of the United States and the laws enacted thereunder.

**39.** By way of Defendants overt acts by unlawfully seizing plaintiff's property under false pretenses was done maliciously and accomplished in furtherance of this said agreement which resulted in additional and further deprivations of rights, privileges and immunities secured to plaintiff under the fourth as it relates to the fourteenth Amendment of United States Constitution and of the laws enacted thereunder. Therefore, these Individual Defendants named above and each of them are liable for civil conspiracy doctrine pursuant to 42 U.S.C. Section 1985.

## COUNT IV

4) Neglect to Prevent Sections 1986

**PLAINTIFF AGAINST ROBERT ROSE JR. FOR VIOLATING SECTIONS 1986**

**40.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs 1-39 as though fully set forth herein.

**41.** Defendant ROBERT ROSE JR. is the executive director of the *CCLBA*.

**42.** As part of his employment responsibilities (or at least the responsibilities he has endeavored), defendant **ROSE** unlawfully entered *A-1 Citywide Towing & Relocation* Inc. into property contract to which he didn't have a legal right to do, essentially engaging in Fraud.

**43.** Defendant **Rose** in his official position/capacity with the *CCLBA*, not only had direct knowledge, but engaged in as a conspirator and then a co-conspirator concerning the aforementioned conduct clearly previously entailed within the aforementioned complaint.

**44.** Defendant **Rose** had a duty to prevent such egregious actions from transpiring against plaintiff however; defendant **Rose** chose to "Turn a Blind Eye" to and actually took part in a conspiracy against plaintiff to deprive him of his constitutional rights as previously described & laid out within the aforementioned complaint which actually led

to numerous constitutional right violations governing this cause, *wherefore*, defendant

**Rose** is liable to plaintiff pursuant to Sections 1986 under the ***Neglect to Prevent***

***Doctrine.***

## COUNT V

5) Illinois Common Law Claim

### PLAINTIFF AGAINST CCLBA, COOK COUNTY GOVERNMENT, ROBERT ROSE Jr. & other JOHN & or JANE DOES' FOR INTERFERING WITH PLAINTIFF'S RIGHT UNDER ILLINOIS COMMON LAW OF PLAINTIFF'S ADVERSE POSSESSION RIGHTS PURSUANT TO 735 ILCS 5/13-101

**45**. Plaintiff hereby re-alleges and reincorporates all previous paragraphs 1-44 as though

fully set forth herein.

**46**. *CCLBA*, by way and through their agent employees actions, interfered with and was

the driving force that violated and interfered with plaintiff's claims to Adverse Possession

of such property pursuant to 735 ILCS 5/13-101, more specifically, under the "**Exclusive**

**and Continuous Possession**" clause in connection to 735 ILCS 5/13-106 (a), whereby

directly interfering plaintiff's Claims' to such Hostile possession without Due Process of

Law in violation of plaintiff's Due Process Rights under the fourteenth Amendment.

---

A) Plaintiff claiming exclusivity in an adverse possession action need not show that he has possessed the property to the exclusion of others. *Illinois Dist. of American Turners, Inc. v. Rieger,* 770 N.E. 2d 232.
**B)** Adverse possession of land may be established by proof of claimant's acts as well as by his oral declarations. *Lyons v. Stroud,* 100 N.E. 973.
**C)** Evidence that plaintiff, who claimed to own certain land, exercised acts of ownership by going upon land from time to time and cutting hay thereon is sufficient proof of title. *Sullivan v. Eddy,* 40 N.E. 482.
**D)** To constitute possession that is "adverse" and sufficient to defeat claim of holder of legal title the possession must be hostile in its inception. *Super Oil Co. v. Harsh,* 126 F. 2d 572; *Purtle v. Bell,* 80 N.E. 350; *Reuter v. Stuckart,* 54 N.E. 1014.
 **E)** For possession of land to be hostile, as required to acquire land by adverse possession, the claimant's ownership must be incompatible with that of the true owner and all others. Davidson v. Perry, 898 N.E. 2d 785.
**F)** "Hostile" possession, for purposes of adverse possession action, does not imply actual ill will, but only assertion of ownership incompatible with that of true owner and all others. *Peters v. Greenmount Cemetery Ass'n,* 632 N.E. 2d 187. Appeal denied 642 N.E. 2d 1301; County Collector of Du Page *County v. Bodoh,* 424 N.E. 2d 1204; *Joiner v. Janssen,* 421 N.E. 2d 170; *Hansley v. Valter,* 147 N.E. 2d 356.
**G)** To constitute possession, there must be such appropriation of the land to the individual as will apprise the community in its vicinity that the land is in his exclusive use and enjoyment, and notice of possession to be sufficient must be of the open and visible character, which from its nature will apprise the world that the land is occupied. *Towle v. Quante,* 92 N.E. 967.

**47.** By way of defendants overt acts by unlawfully seizing plaintiff's property under unlawful pretenses was done maliciously and overtly accomplished in furtherance of this violation pursuant to Illinois Common Laws of this State which resulted in additional and further deprivations of rights, privileges and immunities secured to plaintiff under the fourth as it relates to the fourteenth Amendment of United States Constitution and the laws enacted thereunder as well as to the aforementioned Illinois Common Law Statute. Therefore, these Individual Defendants named above and each of them as well as the *CCLBA* & Cook County Government are in fact liable for violating Illinois Law.

## COUNT VI

**6) – State Claim of Emotional Distress**

### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**48.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs 1-47 as though fully set forth herein.

**49**. Defendant *CCLBA and ROBERT ROSE JR.* by way of their agent employees "acting under color of state law," deprived plaintiff of several constitutional rights, securities, privileges and immunities secured to him under the 4th & 14th amendments of the United States Constitution whereby violating such claims pursuant to Sections 1983; 1985 & 1986 & the Illinois Common Laws Claim pursuant to 735 ILCS 5/13-101.

**50**. This conduct complained of transpired during the defendants scope of employment working for *the CCLBA and COOK COUNTY GOVERNMENT* as its primary employer pursuant to the Cook County Board's Rules & Regulations and *inter alia* Illinois State Laws.

51. These willful acts of misconduct by all named Defendants as set forth above were extreme, outrageous, wanton, and were undertaken with extreme malice, a willfulness and reckless indifference to the plaintiff's constitutional rights and other rights.

52. The defendants actions intended to cause whereby exercising a reckless disregard of the probability that their conduct would cause, severe emotional distress to plaintiff in their wanton and willful disregard for violating plaintiff's rights secured to him

53. As a direct and proximate result of these egregious actions on part of the defendants wrongful acts and misconduct, defendants did so directly and proximately cause plaintiff to suffer severe and extreme damages including, but, not limited to, Loss of financial interests, mental and emotional distress and anguish, anxiety, traumas, loss of personal property, loss of any potential financial gain all in relation to wanton of inflicting intentional infliction of emotional distress upon plaintiff.

54.     By reason of the direct and proximate result of these egregious actions and omissions as described above being undertaken by these named defendant agents-plaintiff sustained great and still continues to suffer substantial injuries including, but not limited to, traumas, and indignities, financial loss, loss of personal property, undue stress, physical, mental and other emotional distresses and mental anguish, pain and suffering, pecuniary damages including attorneys' fees (if one is secured), who has suffered unwarranted anxiety all to his damages in an amount to be ascertained later.

---

1) In addition to this, the federal remedy is supplementary to the state remedy and the latter need not be first sought and refused before the federal one is invoked. **_Monroe v. Pape_**, 365 us 167. This goes to say that there is no requirement that there is a sections 1983 plaintiff first exhaust state judicial or administrative remedies as a condition precedent to filing a section 1983 claims.

## COUNT VII

7) *Responeat Superior*          ***RESPONDEAT SUPERIOR***

**55**.   Plaintiff hereby re-alleges and reincorporates all previous paragraphs 1-54 as though fully set forth herein.

**56**.   All Defendants were agents or employees employed by *COUNTY OF COOK* or *COOK COUNTY GOVERNMENT.*

**57**.   In committing these willful and wanton acts against plaintiff, these defendants committed them while acting under color of state law during the scope of their employed activities.

**58**.   Defendant *COOK COUNTY GOVERNMENT* is the primary employer of all named Defendants.

**59**.   Pursuant to ***respondeat superior***, defendant COOK COUNTY GOVERNMENT, as principal, is liable for its agents' actions.

**60**.   As a proximate cause of Defendants unlawful acts which occurred within their scope of employed activities, plaintiff suffered severe and extreme damages including but not limited to, financial, mental and emotional distress, physical damage, mental distress and anguish, anxiety, loss of personal property.

## COUNT VIII

### MOTION STRIKING DOWN THE CCLBA and its establishment & creation AS BEING UNCONSTITUTIONAL IN NATURE PURSUANT TO THE 14TH AMENDMENT TO THE U.S.C.

61. On Motion from plaintiff, plaintiff seeks a ruling by this court that the creation of the CCLBA is unconstitutional in nature whereby striking down the Ordinance that had created it.

62. The creation of the CCLBA clearly interferes with the rights of others who claim property ownership rights pursuant to the "Adverse Possession Laws" of this State.

63. Every State throughout the United States has an "Adverse Possession Law" of some sorts.

64. When "Adverse Possession" is exercised, its securities also trigger Fourth Amendment protections under the U.S.C.

65. Under the Fourteenth Amendment "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within it's jurisdiction the equal protections of the laws.

66. Clearly, the way that the *CCLBA* conducts business clearly violates said constitutional rights and goes against everything that they truly represent and why they were created and established in the first place.

**WHEREFORE**, Plaintiff, John Doe, respectfully moves this Honorable Court to enter judgment as follows against these named defendants and the *CCLBA* and each of them on every claim:

a) That the defendants be required to pay plaintiff, compensatory damages including extreme emotional distress, in a sum to be determined at trial;

b) Award special damages in a sum to be determined at trial;

c) Award extreme exemplary and punitive damages, in a sum to be determined at trial;

d) Require the defendants to pay the plaintiffs costs of the suit herein incurred;

e) Require and or Award such other and additional relief that this Honorable Court deems just and equitable.

### THIS PLAINTIFF, JOHN DOE, HEREBY REQUESTS A TRIAL BY JURY ON EACH AND EVERY COUNT OF HIS COMPLAINT

JOHN DOE
9960 W. Pacific Ave.
Franklin Park Illinois 60131
Vicydiamond@gmx.com

RESPECTFULLY SUBMITTED,

John Doe

John Doe

10/26/20

15