## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Kevin Sroga

    Plaintiff,

v.                                                  Case No.: 1:20–cv–06329

                                                  Honorable Franklin U. Valderrama

The Cook County Land Bank Authority, et al.

                                                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, December 16, 2020:

      MINUTE entry before the Honorable Franklin U. Valderrama: The Court has reviewed Plaintiff's Motion for an Order of Preliminary Injunction [17] and denies the motion without prejudice. First, Federal Rule of Civil Procedure 65(a) provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a). Put simply, without notice, the Court may not issue a preliminary injunction. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 432 n.7 (1974). Moreover, in the context of Rule 65(a), notice implies the opportunity to be heard and to present evidence. Medeco Security Locks, Inc. v. Swiderek, 680 F.2d 37, 38 (7th Cir. 1982). Plaintiff has failed to show that Defendants have been notified of his motion. Second, pursuant to Federal Rule of Civil Procedure 5(a)(1)(D), a written motion must be served upon each party. Fed. R. Civ. P. 5(a)(1)(D). Additionally, pursuant to Local Rule 5.5(b), "[e]ach document other than one filed ex parte shall be accompanied by a certificate of service indicating the date and manner of services and a statement that copies of documents required to be served by Fed. R. Civ. P. 5(a) have been served." Plaintiff has failed to file a certificate of service evidencing service of his motion. Plaintiff also admits in his motion that Defendants have not been served.The Court's denial of this motion and the Court's prior denial of Plaintiff's ex parte motion for an order of protection/restraining order [16] are based partially on Plaintiff's failure to comply with the Federal Rules of Civil Procedure. While Plaintiff is a pro se litigant and a court may afford some deference to a pro se litigant, Plaintiff must, nevertheless, follow court rules and procedures. See Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994) (although pro se litigants "benefit from various procedural protections not otherwise afforded to the ordinary attorney–represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines"). The Court strongly encourages Plaintiff to ensure any future filings are compliant with the Federal Rules of Civil Procedure, as well as this District's Local Rules, and the Court's Standing Order. Mailed notice (axc).

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.